# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| TERRANCE GANT, ) | |
| ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:20-CV-00909 JCH |
| ) | |
| CLAYCO, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Clayco, Inc.'s ("Clayco" or "Defendant") motion to dismiss Plaintiff Terrance Gant's ("Gant" or "Plaintiff"), complaint for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6).  Doc. [7].  Plaintiff has not responded to the motion, and the time to do so has passed.  For the reasons set forth below, Defendant's motion will be granted, but Plaintiff will be granted leave to file an amended complaint that corrects the deficiencies identified in this order.

**I.      Legal Standard**

Defendant has moved to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  The purpose of a Rule 12(b)(6) motion to dismiss is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises . . . thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001) (citing, 490 U.S. 319, 326-27 (1989).  A pleading is deficient and may be dismissed under Rule 12(b)(6) if a plaintiff fails "to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  To survive a motion to dismiss for failure to state a claim, a plaintiff's allegations must contain "sufficient factual

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

**II.** **Discussion**

Plaintiff is a self-represented litigant[1] who brings this action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq., and the Missouri Human Rights Act. In his Complaint, he alleges employment discrimination on the basis of race, as well as retaliation.

Exhausting administrative remedies is a prerequisite to filing a civil action under both Title VII and the MHRA. *Stuart v. General Motors Corp.*, 217 F.3d 621, 630 (8th Cir. 2000) ("In order to initiate a claim under Title VII a party must timely file a charge of discrimination with the EEOC and receive a right-to-sue letter."). *Tart v. Hill Behan Lumber Co.,* 31 F.3d 668, 671 (8th Cir.1994) ("[A] claimant must exhaust administrative remedies by timely filing an administrative complaint and either adjudicating the claim through the MCHR or obtaining a right-to-sue letter.").

Furthermore, exhaustion "requires [that] a claimant give notice of all claims of discrimination in the administrative complaint." *Id.* The purpose of the administrative proceeding is to notify the charged party of the alleged violation, and only violations that are adequately described in the administrative charge may be included in a subsequent civil complaint filed with the Court. *See Duncan v. Delta Consol. Industries, Inc.*, 371 F.3d 1020, 1026 (8th Cir. 2004) (While a subsequently filed lawsuit need not precisely mirror the administrative charge, "the sweep of any subsequent judicial complaint may be [only] as broad as the scope of the EEOC 'investigation which could reasonably be expected to grow out of the

---

[1] Plaintiff was represented by counsel when he initiated this action, but his attorney withdrew, and Plaintiff has notified the Court that he now intends to proceed as a pro se litigant.

charge of discrimination.' ") (quoting *Cobb v. Stringer,* 850 F.2d 356, 359 (8th Cir.1988)). Therefore, to demonstrate that he has adequately exhausted his administrative remedies, a plaintiff must attach a copy of the charge of discrimination to his complaint.

Although Plaintiff has attached a right-to-sue letter to his Complaint, he has not attached a copy of his charge of discrimination.  Therefore, Defendant argues that Plaintiff's claims fail as a matter of law because Plaintiff's Complaint fails to establish that he exhausted his administrative remedies.  The Court agrees with Defendant that Plaintiff's Complaint is subject to dismissal as unexhausted due to Plaintiff's failure to attach his charge of discrimination. Without the charge, there is no way to ascertain whether Plaintiff's claims in his complaint are like or reasonably related to the claims outlined in his charge, and therefore properly exhausted.  The Court "cannot speculate as to what may or may not have been included in the administrative charge." *Stuckstede v. NJVC LLC*, 4:09-CV-00663JCH, 2009 WL 2231674, at *3 (E.D. Mo. July 24, 2009).  Consequently, Clayco's Motion to Dismiss Plaintiff's Complaint will be granted, without prejudice.

However, the Court will allow Plaintiff to file an amended complaint, supplemented by the attachment of a copy of his charge of discrimination.  Plaintiff is cautioned that the amended complaint will replace the original complaint.  *See In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect").  Therefore, Plaintiff must include all his claims that are in the current Complaint[2] if he wishes them to be included in the amended complaint.

Accordingly,

---

[2] Plaintiff may, if he wishes to do so, use the Complaint currently on file as his amended complaint.

3

**IT IS HEREBY ORDERED** that, pursuant to Fed. R. Civ. P. 12(b)(6), Defendant's Motion to Dismiss Plaintiff's Complaint is **GRANTED**, **without prejudice**. Doc. [7]. Plaintiff has until **October 13, 2021**, to file an amended complaint that corrects the pleading deficiencies described herein; specifically, Plaintiff must submit with the amended complaint a copy of his charge of discrimination.

Dated this 13th day of September, 2021.

/s/Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE